FILED NOV 29 2011 CLERK, U.S. DISTRICT COURT RICHMOND, VA

In: The United States District Court of the Eastern District of Virginia

United States

vs.

Francis C. Davis

3:11CR080

MOTION TO APPOINT COUNSEL AND TRANSFER

COMES NOW defendant Francis C. Davis Pro Se Pursuant to 18 USCA § 3007 Chapter 201 petitioning This Honorable Court to appoint Counsel and to remove current Counsel for defendant, Michael B. Gunlicks and to allow defendant to waive right to speedy trial and order defendant returned to the custody of the Fairfax County Sheriffs Department and or order the United States Marshal Service to relocate defendant to a facility that provides Adequate Services necessary to prepare for trial and for the following reasons:

1. On November 9, 2011 defendant was transferred as an "Overnight Court Return" from Fairfax County Adult Detention Center

1.

Fairfax, Virginia to Northern Neck Regional Jail P.O. Box 1060 Warsaw, Virginia 22572 and that defendant is currently housed there.

2. On November 10, 2011 defendant appeared before this Court for an Initial hearing on a five count Indictment scheduled for trial.

3. On November 10, 2011 Michael B. Gunlicks introduced as defendants Counsel via a Attorney-Client visit

## DISCUSSION:

On November 9, 2011 I, the defendant Francis C. Davis was transferred from Fairfax County Adult Detention Center (FADC), without prior notification of a hearing, to Northern Neck Regional Jail (NNRJ) as an "Overnight Court Return." On November 10, 2011 I appeared before this Honorable Court for an Initial hearing on a five count Indictment. Several minutes prior to this hearing I had a Attorney-Client visit where a Michael B. Gunlicks introduced himself as my attorney and vaguely mentioned the counts of the Indictment as he stated, "I am not familier with the details." Mr. Gunlicks went on to

2

explain that I would have time to decide whether or not I wanted to proceed with a jury or trial by Judge without explaining the pro and con of either decision. I requested copies of the Indictment, the Complaint as well as any information relevant to this case which Mr. Gunlicks insured me he would do.

During the hearing as a result of my not having read the Indictment a recess was ordered during which I briefly read the Indictment. Prior to this hearing as well as during the recess I clearly explained to Mr. Gunlicks the serious nature of these Charges and that I have every intention to pursue every available service to prove my Innocence and to preserve my right to adequate representation as the General Provisions of Chapter 201 of 18 USCA § 3007 guarantees Prior to this hearing and during the recess I clearly heard Mr. Gunlicks and the United States Attorney discussing this case as I observed Mr. Gunlicks laughing while simultaneously shaking his head in what I perceived as signs of disbelief while making disturbing statements as the United State Attorney related the Mandatory/Minimum Punishments that each count carries. I also clearly heard Mr. Gunlicks ask if there was "A plea deal on the table" without self-admitted knowledge of the circumstance surrounding the accusations of the Indictment nor had Mr. Gunlicks asked how I stood in terms of guilt or Innocence.

As a result of my observations of Mr. Gunlicks disposition and demeanor as well as several troubling comments I iterated to Mr. Gunlicks, after recieving Instructions from the Court

3

concerning Pre-trial Motions being filed within 11 days, Discovery and Clothing for trial, the importance of being in contact with me as soon as possible. I emphasized our need to satisfy the time limits placed upon the defence to insure that due to negligence we are not denied any opprotunity to raise issues or file motions on my behalf. Mr. Gunlicks as a form of Insurance verbally made several commitments such as mailing copies of the Complaint, the Indictment and any other relevant information which I have not recieved. Mr. Gunlicks scheduled a meeting for November 16, 2011 which he did not show up for. Mr. Gunlicks requested an immediate family members phone number to arrange for clothing necessary for trial as well as to inform them as to my whereabouts after I explained that my family was unaware of what had taken place. Mr. Gunlicks has not spoken to anyone in my family and has not responded to any of my phone calls to his office. I am unable to reach him.

The Results of my being held here at NNRJ are adverse in terms of having access to proper materials to effectively research the Federal Criminal Procedures and all relevant information concerning what I have been charged with. The NNRJ does not allow inmate to print relevent cases or any material from the Westlaw database inmates use, nor do inmates have access to a word processing program or typewritter. Thus causing inmates to handwrite motions such as this as well as writting all research results by hand within a once a week (1) forty-five minute period of time.

Upon being transferred from FADC All of my personal property and funds remain at the FADC as the Property Officer of the FADC labeled my status as "Overnight Court Return." All of my legal paperwork remains at the FADC, I have been held here at NNRJ since November 9, 2011. I have reached out to Mr. Gunlicks to resolve this issue accompanied by All I've mentioned throughout this discussion, he is unavailable and non-responsive to my communications.

This Court is not aware that I am currently serving a sentence that will expires in September of 2012 which Fairfax County Sheriff's Department had me in custody at the FADC awaiting transfer to the Department of Corrections of Virginia. I am also involved in litigation in the Fairfax County Circuit Court that is being hindered due to my current location being housed at NNRJ.

WHEREFORE based upon the aforementioned reasons the defendant prays This Honorable Court orders a oral hearing concerning these matters prior to any adverse Ruling.

*F. Davis*

Francis Curtis Davis, Pro Se, Defendant
Northern Neck Regional Jail
P.O. Box 1040
Warsaw Va 22572
November 21, 2011

5.

### Certificate of Service

A True copy of the enclosed MOTION TO APPOINT Counsel and Transfer has been mailed POSTAGE Prepaid to The United States District Attorneys Office at 600 E Main st. Suite 1800 Richmond Va 23219 on this Day of 21, Nov, 2011

November 21, 2011

Attn: Clerk of The United States District Court of The Eastern District of Virginia

I have enclosed a Motion to appoint Counsel and Transfer. I am currently experiencing problems contacting and communicating with my Attorney. I am requesting a copy of the Indictment, Complaint and any other relevant paperwork pertaining to this case as this is the reason I have not placed a case number on this Motion. In the event this will prevent this Motion from being filed (Not placing the case number on the enclosed Motion) Please review this Motion with the documents I've requested. If this is a non-factor I ask for a receipt once this Motion is filed, Thank You.

Francis C. Davis
P.O. Box 1060
Warsaw Va 22572



Mr. Francis C. Davis
P.O. Box 1060
Warsaw VA 22572

Clerk of The United States District Court
701 W. Broad St.
Richmond Va 23220

RECEIVED
NOV 29 2011
U.S. DISTRICT COURT
RICHMOND, VA