IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11CR80 |
| | ) | |
| FRANCIS CURTIS DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Angela Mastandrea-Miller, Assistant United States Attorney, the defendant, FRANCIS CURTIS DAVIS, and the defendant's counsel, Michael B. Gunlicks, Esq., have entered into an agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1. Offense and Maximum Penalties

The defendant agrees to plead guilty to Counts Three and Five of the Criminal Indictment. Count Three charges the defendant with Robbery Affecting Commerce in violation of Title 18, United States Code, Sections 1951(a). The penalties for this offense are a maximum term of twenty years of imprisonment, a fine of $250,000, full restitution, a special assessment, and three years of supervised release. Count Five charges the defendant with Possession of a Firearm By a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). The maximum penalties for this offense are up to ten years imprisonment, a fine of $250,000, full restitution, a special assessment, and three years of supervised release.

The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Detention Pending Sentencing**

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has pled guilty to an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government and the defendant agree to, and recommend, a total sentence of 20 years imprisonment on Counts Three and Five as charged in the Criminal Indictment, consisting of 20 years on Count Three and 10 years on Count Five to run concurrently; a special assessment of $200 due and payable immediately; and three years of supervised release, consisting of three years of supervised release on Count Three, and three years of supervised release on Count Five to run concurrently. In addition, the conditions of supervised release shall be set by the Court and the U.S. Probation Officer. The parties further agree that restitution will made a part of the final order, but that no fine will be imposed. The defendant understands that the Court has not yet determined a sentence, and that any estimate of the advisory sentencing range under the United States Sentencing Commission's Sentencing Guidelines Manual that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court.

Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based on the actual sentence. However, the parties agree, with the Court's concurrence, that the defendant or the United States may withdraw from the plea agreement if the Court advises the parties that the Court will not follow the sentencing recommendation of the parties as set forth herein.

6. **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

7.    **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction as stated in paragraph 5 of this agreement.

8.    **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.    **Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses which shall be determined prior to or at the time of sentencing. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea

agreement and as such, victims of the conduct described in the charging instrument, statement of facts, or any related or similar conduct shall be entitled to restitution.

The parties acknowledge that determination of the identities, addresses, and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to § 3664(d)(5), that the Court may defer the imposition of restitution until after the sentencing hearing; however, defendant specifically waives the 90 day provision found in 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

**10. Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the criminal indictment or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the criminal indictment as an offense. In such a prosecution the United States may allege and prove conduct described in the criminal indictment or statement of facts. "Crime of violence" has the meaning set forth in 18 U.S.C. section 16.

**11. The Defendant's Obligations Regarding Assets Subject to Forfeiture**

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph

examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

12. **Forfeiture Agreement**

The defendant agrees to forfeit all interests in any firearms that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to the firearm used in the commission of this offense, to wit: a Keltec Model P-32, .32 caliber semi-automatic pistol bearing serial number 93450.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

### 13. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct.

### 14. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice,

that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

## 15. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBRIDE
UNITED STATES ATTORNEY

By: *[signature]*
Angela Mastandrea-Miller
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 1/13/12

Francis Curtis Davis
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending criminal indictment Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 1/13/12

Michael B. Gunlicks, Esquire
Counsel for the Defendant

11

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIM. ACTION NO.: | 3:11CR80 |
| DEFENDANT'S NAME: | FRANCIS CURTIS DAVIS |
| PAY THIS AMOUNT: | $200.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) | By mail: |
| --- | --- | --- |
| **Alexandria cases:** | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | |
| **Richmond cases:** | Clerk, U.S. District Court<br>1000 E. Main Street, #307<br>Richmond, VA 23219 | |
| **Newport News cases:** | Clerk, U.S. District Court<br>101 - 25th Street, 2nd Floor<br>Newport News, VA 23607 | Clerk, U.S. District Court<br>P. O. Box 494<br>Newport News, VA 23607 |
| **Norfolk cases:** | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**