RECEIVED MAR - 9 2012 CLERK, U.S. DISTRICT COURT RICHMOND, VA.

FILED MAR - 9 2012 CLERK, U.S. DISTRICT COURT RICHMOND, VA.

In The United States District Court
For The Eastern District of Virginia

Richmond Division

United States of America

v.                                    Criminal No. 3:11-CR-080-JAG

Francis Curtis Davis

## Defendant's Brief In Support of Motion to Withdraw Guilty Plea

COMES NOW Francis C. Davis, Defendant, Pro Se pursuant to Fed. Rules Crim. P. 11(d)(2)(B) respectfully to move this Honorable Court to withdraw the defendant's plea of guilty. The defendant has filed a Motion to appoint new counsel based on Ineffective Assistance of Counsel. The defendant moves this honorable Court pursuant to USCA Const. Amend. 6 to render the Plea Agreement Involuntary and a valid basis to withdraw the Guilty Plea, and, in support thereof, pleads as follows:

1.

1. A trial date of January 18, 2012 had been scheduled before this Court. On January 15, 2012 the defendant appeared before this Court to enter a guilty plea after Counsel for defendant, Michael B. Gunlicks, reached a verbal agreement with U.S. Attorney Angela Mastandrea-Miller.

2. On 01-18-2012 upon entering the Courtroom prior to the hearing to enter the guilty plea the defendant emphatically stated to Counsel for the defendant, Mr. Gunlicks, his being adverse to pleading guilty and his ardent desire to prove his Innocence at trial. Mr. Gunlicks informed the U.S. Attorney, Angela Mastandrea-Miller who began to address the defendant expressing her discontent at the defendants insistence.

3. At the Commencement of the hearing counsel for defendant and defendant addressed the Court informing the Court that the defendant did not wish to plead guilty and wanted to proceed to the scheduled trial date, possibly with a continuance as it had become exceedingly clear to the defendant the Counsel for the defence was not prepared for the 01-18-2012 trial date. This Court addressed the defendant concerning his decision advising him to think about his decision during a brief recess. The defendant submits that Fed. Rules. Crim. P. 11(c)(1) states that the Court must not participate in the discussions to reach a plea agreement and that by advising defendant to "think about" his decision the Court persuaded the defendant toward a decision other than the decision he initially expressed to the Court.

4. During the recess the defendant reiterated to Counsel, Mr. Gunlicks, his desire and willingness to prove his Innocence at trial. The defendant during the meeting with Mr. Gunlicks specifically asked Mr. Gunlicks, 'Are you ready to move forward to trial?' Mr. Gunlicks response, 'If you force me to...' clearly indicating reluctance to represent the defendants decision to

2.

proceed to trial Mr. Gunlicks during this meeting admitted to not 'having a chance' to thoroughly go over the contents of the plea agreement. The defendant submits that USCA Const. Amend. 6 says or suggests that Before allowing a client to plead guilty, a reasonably competent attorney will attempt to learn all of the relevant facts of the case, make estimate of likely sentence and communicate result of that analysis to client and that Mr. Gunlicks failed to analyze the plea agreement and its ramifications to the defendant's rights before coercing the acceptance of an agreement he did not read. The defendant further submits that but for Mr. Gunlicks total performance that has been objectively unreasonable and that the combination of his errors the defendant would not have plead guilty.

5. The defendant has asserted and maintained his innocence and contends that his innocence is buttressed by facts in the record such as key government witnesses failing to identify the defendant in connection with the accusations of the governments indictment. This coupled with other facts, known to Counsel for the defendant, supports the basis for withdrawing the guilty plea (Fed. Rules. Crim. P. Rule 32(e) 18 USCA (9)) and would have been the basis for a competent attorney while his client is maintaining his innocence to prepare for trial.

6. From the onset of this case the defendant has expressed concerns of negligence, filing two seperate motions to appoint new counsel detailing these concerns. The defendant submits that due to the Ineffective assistance of Counsel rendered the plea agreement involuntary and that presents a valid basis for withdrawing the guilty plea (see, USCA Const. Amend

3

6.)

    Wherefore the defendant prays that this Honorable Court find that for the afore-mentioned reasons, as well as for other reasons the defendant can expound upon if granted an oral hearing prior to an adverse ruling, grants this Motion to Withdraw Guilty Plea and any other relief as this Court deems appropriate.

    Respectfully Submitted this 6th day of March 2012

_____
Francis Curtis Davis, Pro Se
Defendant


Francis Davis
Northern Neck Regional Jail
P.O. Box 1060
Warsaw Va 22572

## Certificate of Service

    I hereby certify that on March 6th, 2012 a postage pre-paid copy of the foregoing Motion to Withdraw Guilty Plea was mailed to:

Angela Mastandrea-Miller Esq
U.S. Attorney's Office
600 E. Main St. 18th floor
Richmond Va 23220

_____
Francis C. Davis, Pro Se