UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) )  ) |
| v. | ) ) Case No. 3:11CR0080 |
| **FRANCIS CURTIS DAVIS,** | ) ) |
| **Defendant.** | ) ) |

### DEFENDANT'S COUNSEL'S BRIEF IN SUPPORT OF
### MOTION TO APPOINT NEW COUNSEL

COMES NOW Francis C. Davis ("Defendant"), by Counsel, pursuant to Fed. R. Crim. P. 12 & 47, and VAED Local R. 12 & 47, and in support of the Defendant's Motion to Appoint New Counsel, pleads as follows:

1. Counsel for Defendant does not in any manner intend to prejudice the Defendant's case. Defendant has touched upon issues in his Brief in Support of Motion to Appoint New Counsel that relate to confidentiality and privilege between the attorney and the client. Given that Counsel for the Defendant and the Defendant still have an attorney/client relationship, Counsel for the Defendant will attempt not to address specifics of communications in discussing the Defendant's allegations.

2. Defendant is correct that he first filed a *pro se* Motion for New Counsel on or about November 29, 2011, which concerns were addressed at a hearing on December 16, 2011. At the hearing, the Defendant expressed that he wished to extend the deadline for further pre-trial motions, and the Court granted the Defendant's request. Counsel for Defendant, however, after meeting with the client on December 20, 2011, and after reviewing the facts and circumstances of the case, did not perceive that any further pertinent pre-trial motions could or should be filed.

-2-

For example, whether or not the facts of this case fit into the requirements of the Hobbs Act, 18 U.S.C. 1951 (2011) is a determination that must be proved by the government at trial, and if a court convicts an individual without the proper evidence and findings, that individual could raise a Hobbs Act challenge on appeal. Counsel estimated that it was premature and without merit to challenge the application of the Hobbs Act to the offenses alleged against the Defendant pre-trial at that time.

3. Counsel has discussed the Defendant's concerns with the Defendant several times by phone, video conference, and in person. Counsel for Defendant does not believe that he has adversely affected the Defendant's defense, but cannot simply discount, ignore, or disrespect the subjective view of the client that his defense has been adversely affected.

4. Counsel for the Defendant has made his best efforts to perform his duty for the Defendant. The Defendant has maintained his innocence before the Court, except for the guilty plea rendered by the Defendant to two of the charges against him. Counsel did in fact file a Motion to Suppress.

5. Even if all allegations by the Defendant in his Motion and Brief for new counsel are taken as true, Counsel submits that the alleged errors do not rise to the level of ineffective representation by counsel as addressed in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984), and its progeny. Counsel further submits that he is willing and able to continue representing the Defendant, and he does not believe that his personal relationship to the Defendant has been so compromised as to prevent his continued professional representation of the Defendant.

6. Given, however, 1) the allegations made by the Defendant in his Motions and Briefs for new counsel and to withdraw his guilty plea, 2) the fact that he is raising ineffective

-3-

representation before the conclusion of his case, 3) that he generally and vaguely alludes to "reasons that the defendant can expound upon if granted an oral hearing," and, 4) that during the video conference between Counsel and the Defendant on April 9, 2012, the Defendant apparently began addressing some of those reasons in a manner that does not match the facts and course of events as recalled by Counsel, Counsel for the Defendant submits that it will be difficult to pursue effective representation of the client from this point forward, and that it might best serve the interests of the Court and the Defendant to appoint new counsel for further proceedings in this matter.

Wherefore, although Counsel for the Defendant submits that Defendant and his Counsel would both represent to the Court that they could continue in their attorney/client relationship, under the circumstances of the case the Defendant prays that this honorable Court grant the Defendant's request for new counsel for further proceedings in this matter.

Respectfully submitted, this 10th day of April.

Francis C. Davis,


 /s/*Michael B. Gunlicks*
By Counsel

Michael B. Gunlicks, LL.M.
Virginia Bar No. 39375
GUNLICKS LAW, L.C.
604 N. Boulevard
Richmond, Virginia 23220
Telephone: (804) 355-9700
Facsimile: (804) 355-4933

*Attorney for Defendant*

-4-

## CERTIFICATE OF SERVICE

      I hereby certify that on April 10, 2012, I caused to be electronically filed the above and foregoing **DEFENDANT'S COUNSEL'S BRIEF IN SUPPORT OF MOTION TO APPOINT NEW COUNSEL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Angela Mastandrea-Miller, Esq.
U.S. Attorney's Office
600 E. Main Street, 18th Floor
Richmond, Virginia 23220
Telephone: (804) 819-5400
Angela.Miller3@USDOJ.gov

                                        *s/ Michael B. Gunlicks*
                                        *Attorney for Defendant*