FILED
APR 17 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In The United States District Court
Eastern District of Virginia
Richmond Division

United States of America

v.                                     Case No. 3:11CR0080

Francis Curtis Davis,
Defendant

### Response of the Defendant to Counsel for Defendant's Briefs in Support of Defendant's Motion to Appoint New Counsel and Defendant's Motion to Withdraw Guilty Plea

Comes Now Francis C. Davis, Defendant, Pro Se and submits the following response to Michael B. Gunlicks, Counsel for Defendant's Motion to Appoint New Counsel and Motion to Withdraw Guilty Plea

1. Counsel for Defendant Michael B. Gunlicks has referenced confidentiality and privileged information between Attorney and Client as a means not to discuss "Defendant's Allegations" or "Address specific communications" and has claimed an Attorney/Client relationship that the defendant submits does not exist having unrepairable damage that can only be remedied by the appointment of new Counsel.

Rather than referencing "specific communications" that Counsel calls "allegations" throughout his motions the defendant will refer only to matters of record and verifiable errors of

Counsel for the defendant In order to satisfy the two part test set forth in <u>Strickland v. Washington</u> 446 U.S. 668, 687-88 (1984) to show that 1.) "Counsel's representation fell below an objective standard of reasonableness" and 2.) "that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." The defendant maintains and submits "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."

In Counsel's Brief in Support of Defendant's Motion to Withdraw Guilty Plea pg. 4, 12. Counsel for the defendant states "Counsel agrees that defendant has consistently maintained his innocence but for the guilty pleas rendered in this matter." <u>Hill v. Lockhart</u> 474 U.S. 52, 59 (1985) states "where a defendant enters a guilty plea upon Counsels advice, the volunteriness of the plea depends on whether the advice was within the competence demanded of attorney in criminal case." The defendant submits that Counsel's competence should be called into question when counsel has admitted that his client 'has consistently maintained his innocence' yet advised his client to accept an agreement that "Counsel for the defendant was not able to present or go over" (see Defendant's Counsel's Brief in Support of Defendants Motion to Withdraw Guilty Plea pg. 2; 6.) while recieving a drafted copy of the plea agreement on January 11, 2012 giving Counsel more than adequate time to discuss the terms of the written plea agreement that he self admittedly waited to do in the courtroom '(Ibid.) 'the morning of the hearing '(Ibid) on January

13, 2012. The defendant submits that had counsel adhered to reasonableness following an email dated January 11, 2012 instructing Counsel, "If there is anything in these documents that you would like to discuss, please be sure to let me know by Thursday afternoon." (See email from Government to Counsel for the Defendant, January 11, 2012 Exhibit A) Counsel would have been in a position to inform the Government of the defendants intent prior to the hearing to proceed to trial. Counsel uses the word "Cursorily" to describe his last minute review which by definition means: "rapidly and often superficially done: HASTY." The defendant submits that 'Before allowing client to plead guilty a reasonably competent attorney will attempt to learn all the relevant facts...'(US v. Peleti) such as the expressed terms of a written plea agreement that suspends vital constitutional rights such as Appeal rights and the like, and make estimate of likely sentence and communicate result of that analysis to client' (quoting US v. Peleti)

 The time given by the Court to allow defendant to reconsider his open declaration before the Court to proceed to trial, rejecting the plea agreement was not time requested by Counsel to review the ramifications of the written agreement. Counsel alleges with highly deceptive language in "Defendant's Counsel's Brief in support of Defendant's Motion to Withdraw Guilty Plea" pg. 3; 4. meeting for a "significant time" and "Thoroughly discussing the case, it's strengths and weaknesses, witnesses, facts, etc." thus showing that but for the Intervention of the Court Counsel would have deemed his "Cursorily"

review of an agreement relinquishing his clients rights, consequently sending his client to prison for a term of 20 years who has maintained his innocence 'consistently' by Counsels own admission, in the courtroom minutes prior to a plea hearing as effective assistance of counsel. While being the apex of counsel's lackadaisical practices it is clearly apparent that there exists a reasonable probability that but for Counsel's errors the defendant would not have pleaded guilty.

 It is not the defendants intent here to argue the length or thoroughness of the meeting between the defendant and counsel on January 13, 2012 while the defendant emphatically disagrees with Counsels rendition of that meetings length and the topic Counsel alleges to have been discussed. It is the defendants intent to further point to Counsel's actions and unprofessional errors and move this Court to question the decisions and competence of Counsel and the prejudice that has resulted.

 "Counsel submits and agrees that he would have preferred to have additional time for trial" (Ibid pg. 3; 11.) and also mentions discussing a possible continuance based on "delayed discovery responses provided by the Government as late as January 6, 2012, more than a month after discovery was to be provided and less than two weeks before the scheduled trial date." (Ibid pg 3, 10.) The defendant submits that Counsel had ample opprotunity to move for this continuance had proceeding to trial been Counsels true intent. While informing the Court of the defendant's intent not

4.

to plead guilty counsel did not move for this continuance while being presented with an opportune moment to address the Court. The defendant believes that a reasonably competent attorney alleging Delayed Discovery responses from the Government and admitting to needing additional time would not have dangerously waited less than a week from the trial date to only not ask for a continuance he apparently needed and self admittedly would have "preferred" in order to adequately defend a client who by his own admission consistently maintained his Innocence.

    The defendant would like to point to some of Counsels errors and lapses during critical stages of the pre-trial process. In Defendants Counsel's Brief in Support of Motion to Appoint New Counsel pg.1; 2 Counsel states "Defendant is correct that he filed a pro se Motion for New Counsel on or about November 29, 2011, which concerns were addressed at a hearing on December 16, 2011. At the hearing, the Defendant expressed that he wished to extend the deadline for further pre-trial motions, and the Court granted the Defendant's request." Counsel conveniently fails to mention the the 'concerns' addressed stemmed from Counsels ignoring and/or allowing the time period to expire as set by the Court. Counsel failed to contact the defendant during that time period being unresponsive to all forms of communication. The defendant submits that the pro se Motion filed by the defendant sought to correct Counsels clear error. that jeopardized a critical stage of the pre trial process On November 30, 2011 Counsel sent

the defendant an apology letter for failing to contact the defendant expressing his good intentions while blaming the Government, his schedule and the holiday (presumably Thanksgiving) for what ultimately was a blatant disregard for an order of the Court at a critical stage of the pre-trial phase. Counsel waited approximately twenty plus days after his appointment as Counsel for the defendant before contacting the defendant. This letter represents Counsel's initial contact with the defendant (see Exhibit B) The December 5, 2012 meeting to discuss the status of the case did not occur until a later date and time presumably the Government, his schedule and a holiday hangover were at fault. While this letter contained the sole pre-trial Motion filed by Counsel even with the extention granted to the defendant Counsel failed to file any motions in preparation of trial nor did Counsel investigate or discover potentially exculpatory evidence at the urgent prompting of the defendant. Counsel alludes to this failure by stating, 'Counsel moved to suppress on issues he deemed relevant and applicable to the clients defense, but cannot account for nor discount the clients estimation that further identifications would or should have been suppressible.' (Defendant's Counsel's Brief in Support of Defendant's Motion to Withdraw Guilty Plea pg. 4; 13.) Counsel's competence is further called into question surrounding suppressible pre-trial issues concerning the negative identifications of the defendant made available to the defense through Discovery. Counsel did not file to suppress these witnesses at the behest of the defendant to prevent, or attempt to prevent, suggestive

6.

in court identifications being presented to a jury at trial. By not following the defendants promptings concerning this issue Counsel denied the defendant the opportunity for the Court to evaluate the reliability of eyewitnesses prior to trial allowing the very substantial likelihood of irreparable misidentifications during trial.

Counsel also mentions the challenging of the application of the Hobbs Act pre-trial to the offenses alleged against the defendant as being premature and without merit. (Defendant's Counsel's Brief in Support of Motion to Appoint New Counsel pg. 2; 2.) While Counsel alludes to the fact that the Hobbs Act requires the jury to determine beyond a reasonable doubt whether conduct affected or would have affected interstate commerce as a matter of law yet Counsel fails to cite any legal precedent to support his 'estimate' that the challenging of the Hobbs Act application pre-trial is premature or without merit.

The defendant submits that Lafler v. Cooper 2012 U.S. Lexis 2322 (2012) states "The Constitutional guarantee of effective assistance of Counsel applies to pre-trial critical stages that are a part of the whole course of a criminal proceeding, a proceeding in which defendant cannot be presumed to make critical decisions without Counsels advice."

Counsel argues that Missouri v. Frye 2012 U.S. Lexis 2321 (2012) and Lafler v. Cooper 'do not effect how Courts view ineffective assistance of Counsel in the context of a guilty plea

rendered by a Defendant in open court.' (Defendant's Counsel's Brief in Support of Defendants Motion to withdraw Guilty Plea pg. 5; 16.) In contrast the defendant submits that Missouri v. Frye affects pre-trial ineffective assistance of counsel issues and states, "The right to the effective assistance of Counsel applies before trial" and that, "In cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show a reasonable probability that but for Counsels errors, he would not have pleaded guilty and would have insisted on going to trial."

  The defendant submits that he has met the burden of establishing the prejudice that resulted from Counsels errors and that Counsels ineffective assistance of Counsel led the defendant to accept a plea offer as opposed to proceeding to trial. The defendant submits that he has met the burden of establishing that counsel's representation fell below an objective standard of reasonableness and that Hill v. Lockhart states that "the Strickland test for evaluating claims of ineffective assistance of counsel applies to guilty plea challenges based on ineffective assistance of counsel." The defendant moves this Court to render the guilty plea involuntary based on the ineffective assistance of Counsel and to withdraw the guilty plea and appoint new counsel.

  The defendant finally submits that "if the right to Counsel guaranteed by the Constitution is to serve it's purpose, defendant's cannot be left to the mercies of incompetent counsel and that

Judges should strive to maintain proper standards of performance by attorneys who are representing defendants in their Courts." McMann v. Richardson 397 U.S. 759, 90 S.Ct. 1441 (1970) The defendant prays this honorable Court grant the defendants request for new counsel and withdrawel of guilty plea and further relief as this Court deems appropriate.

Respectfully Submitted this 15th day of April 2012

Francis C. Davis, Pro Se

*[signature]*

NNRJ
P.O. Box 1060
Warsaw Va 22572

## Certificate of Service

I hereby Certify that on April 15, 2012 I sent a copy, true and postage pre-paid of the foregoing "Response of the Defendant to Counsel for the Defendents Briefs in Support of Defendants Motion to Appoint New Counsel and Defendants Motion to Withdraw Guilty Plea" was sent to the following:

Angela Mastandrea Miller, Esq.
U.S. Attorney's Office
600 E. Main St. 18th floor
Richmond Va 23220

*[signature]*
Francis C. Davis, Pro Se,
Defendant

4.

| | |
|---|---|
| Subject: | Draft Plea Agreement and Statement of Facts for Francis Curtis Davis |
| From: | Miller, Angela (USAVAE) (Angela.Miller3@usdoj.gov) |
| To: | Michael@gunlickslaw.com; |
| Date: | Wednesday, January 11, 2012 4:38 PM |

Michael –

I am attaching a DRAFT plea agreement and statement of facts for Francis Curtis Davis. As you know, the plea is scheduled for this Friday at 8:30 a.m. While these are drafts subject to approval by my supervisor, I do not anticipate that any substantive changes will be made to them. If there is anything in these documents that you would like to discuss, please be sure to let me know by Thursday afternoon. The best way to reach me is by cell, as our offices are being renovated and I am displaced at the moment. I will have a copy of these documents with me in court on Friday for everyone to sign.

Although you have advised me that you client intends to plead guilty with a jointly recommended sentence of 20 years, If for some reason your client changes his mind, the United States is prepared to go forward with the trial on Wednesday, January 18, 2012. We have a number of out-of-state witnesses traveling to Virginia for the trial, and about one dozen witnesses subpoenaed to court for trial. We would therefore oppose any request for a continuance. Also, in the unlikely event your client decides he does not want to plead guilty, I would appreciate it if you would discuss the various stipulations set forth in the Statement of Facts, and advise if you and he are prepared to stipulate to them (specifically: that the firearm recovered is operable, that the firearm traveled in interstate commerce, that The Subway and Gamestop are businesses that engage in interstate commerce, and that your client is a convicted felon and his right to possess a firearm and/or ammunition has not been restored).

Thanks,
Angela Mastandrea-Miller

Exhibit "A"

## GUNLICKS LAW, L.C.
Michael B. Gunlicks, LL.M.
Attorney at Law
604 N. Boulevard
Richmond, Virginia 23220
804-355-9700  fax: 804-355-4933

November 30, 2011

Francis Curtis Davis
Northern Neck Regional Jail
P.O. Box 1060
Warsaw, VA 22572

Re: USA v. Francis Curtis Davis; Case No. 3:11CR0080

Dear Mr. Davis,

Included with this letter are copies of the Motion to Suppress and Memorandum filed on your behalf on November 21, 2011. Please look them over. I will be visiting you before Monday, December 5, 2011, to discuss the status of your case. I had intended to visit you before filing the Motion, but due to the manner in which we received Discovery from the government, my schedule, and the holiday, I was not able to do so. I apologize for that and I look forward to discussing your case with you when we meet.

Sincerely yours,

Michael B. Gunlicks

Exhibit "B"