IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:11CR80

FRANCIS CURTIS DAVIS,

Petitioner.

MEMORANDUM OPINION

Francis Curtis Davis, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 71).[1] Davis contends that he experienced ineffective assistance of counsel[2] in conjunction with his criminal proceedings. Specifically, Davis demands relief because:

| | |
|---|---|
| Claim One: | Counsel failed to challenge the delay in promptly presenting Davis to the Court to answer to the charges, which violated: (a) Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure (*id.* at 6); (b) the right to prompt determination of probable cause under the Fourth Amendment (*id.* at 8)[3] and, (c) the right to due process under the Fifth Amendment (*id.*).[4] |

---

[1] The Court employs the pagination assigned to Davis's submissions by the CM/ECF docketing system. The Court corrects the capitalization in quotations from Davis's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

[4] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

| | |
|---|---|
| Claim Two: | Counsel failed "to raise Speedy Trial Clause violations of the Sixth Amendment."[5] (*Id.* at 6.) |
| Claim Three: | Counsel failed "to object to violations of Rule 11(c)(1) [of the Federal Rules of Criminal Procedure]." (*Id.*) |
| Claim Four: | Counsel failed to sufficiently review the Plea Agreement with Davis prior to entry of Davis's guilty plea. (*Id.* at 22.) |
| Claim Five: | Counsel failed to contact Davis promptly after the arraignment regarding pretrial motions. (*Id.* at 24.) |
| Claim Six: | Counsel "failed to file any motions in preparation for trial, nor did counsel investigate or attempt to discover exculpatory evidence supported by the record at the urgent prompting of the petitioner." (*Id.* at 24–25.) |
| Claim Seven: | Counsel failed to file a motion to suppress eyewitness identification, as well as a motion challenging the application of the Hobbs Act to Davis's case. (*Id.* at 25.) |

The Government has responded, asserting that Davis's claims lack merit. (ECF No. 77.) Davis has filed a Reply. (ECF No. 79.) For the following reasons, Davis's § 2255 Motion (ECF No. 71) will be DENIED.

## I. PROCEDURAL HISTORY

On July 30, 2010, Davis was charged in state court with robbery and firearms charges in Colonial Heights, Virginia, and Petersburg, Virginia. (Gov't's Resp. 1, ECF No. 77.) These charges were ultimately *nolle prossed*. (*Id.*; *see also* § 2255 Mot. 3.)

On November 12, 2010, a Criminal Complaint was filed in this Court, charging Davis with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Crim. Compl. 1, ECF No. 1.) On January 7, 2011, Davis was "convicted of Felony Grand Larceny in Fairfax County [and] was sentenced to a term of incarceration for two years." (Gov't's Resp. 2.)

---

[5] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

2

On March 23, 2011, a grand jury charged Davis with two counts of robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (Counts One and Three); two counts of using, carrying, displaying, brandishing, and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Two and Four), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Indictment 1–4, ECF No. 3.) On November 4, 2011, attorney Michael Gunlicks was appointed to represent Davis. (ECF No. 6.) Davis appeared before the Court pursuant to a writ of habeas corpus *ad prosequendum* for an initial appearance and arraignment on November 10, 2011. (*See* ECF Nos. 7, 8.)[6]

On November 21, 2011, Gunlicks filed a Motion to Suppress, seeking to suppress statements made by Davis to law enforcement on July 30, 2010. (ECF No. 9, at 1.) On November 29, 2011, Davis filed a *pro se* Motion to Appoint Counsel and Transfer, requesting, *inter alia*, that Gunlicks be removed as counsel of record and that Davis be allowed to waive his right to a speedy trial so that he could return to Fairfax County to continue serving his State sentence. (ECF No. 11, at 1; ECF No. 12, at 1.) The Government responded to the Motion to Suppress on December 8, 2011, asserting that it did not intend to offer Davis's statements during its case in chief. (ECF No. 13, at 4.) That same day, the Government filed a Notice of Penalties for Charged Offenses. (ECF No. 14.) The Notice stated in relevant part:

> Because the defendant has previously been convicted in Federal Court with violating Title 18, United States Code, Section 924(c), the next 924(c) is a subsequent conviction. The penalty, therefore, if he is convicted of Count Two is a *mandatory minimum term of incarceration of 25 years to life*, which term is to run *consecutive* to any term of incarceration that may be imposed if convicted of the associated robbery charge.

---

[6] At the time, Davis was incarcerated at the Fairfax County Adult Detention Center. (ECF No. 7, at 1.)

3

> If the defendant is also convicted of the 924(c) charge set forth in Count Four, he again faces *a mandatory minimum term of incarceration of 25 years to life*, which term is to run *consecutive* to any other term of incarceration imposed.
>
> Therefore, if the defendant is convicted of both 924(c) counts as set forth in Counts Two and Four of the Criminal Indictment, he faces a mandatory minimum term of incarceration of *fifty (50) years*, which term is to run consecutive to whatever term is imposed if he is convicted of one or both of the robbery charges set forth in Counts One and Three.

(*Id.* at 2.) On December 16, 2011, the Court heard argument on both the Motion to Suppress and Davis's *pro se* Motion to Appoint Counsel. (ECF No. 16.) By Order entered on December 19, 2011, the Court granted Davis's Motion to Suppress. (ECF No. 17, at 1.) In that same Order, the Court noted that Davis had "expressed concern about the time frame in which to file motions in anticipation of trial." (*Id.*) The Court therefore granted the defense a ten-day extension within which to file motions. (*Id.*) Davis "advised that this schedule modification resolve[d] his concerns with his current counsel." (*Id.*) The Court also denied Davis's *pro se* Motion to Appoint Counsel. (*Id.*)[7]

On January 13, 2012, Davis entered into a Plea Agreement in which he agreed to plead guilty to Counts Three and Five of the Indictment. (Plea Agreement ¶ 1, ECF No. 19.) Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agreed to recommend "a total sentence of 20 years imprisonment on Counts Three and Five . . . , consisting of 20 years on Count Three and 10 years on Count Five to run concurrently." (*Id.* ¶ 5.) The Plea Agreement stated that Davis was "satisfied that [his] attorney ha[d] rendered effective assistance." (*Id.* ¶ 4.) Davis agreed that "no threats, promises, or representations ha[d] been made, nor agreements reached, other than those set forth in writing in th[e] plea agreement, to cause [Davis] to plead guilty." (*Id.* ¶ 15.)

---

[7] Davis's Motion to Transfer was terminated after the December 16, 2011 hearing.

Davis appeared before the Court for Rule 11 proceedings that same day. At the beginning of the proceedings, counsel for the Government represented that if Davis chose not to plead guilty and go to trial, he faced a minimum term of 50 years of imprisonment should he be convicted of Counts Two and Four. (Jan. 13, 2012 Tr. 7–8, ECF No. 32.) The Court recessed to provide Davis more time to talk to counsel about whether or not he wanted to go forward with his guilty plea. (Jan. 13, 2012 Tr. 10–13.)[8] After the recess, Gunlicks represented to the Court that Davis had decided to accept the Plea Agreement. (Jan. 13, 2012 Tr. 14.) During the Rule 11 proceedings, Davis indicated that he was "satisfied with the services and advice provided to [him] by [counsel]." (Jan. 13, 2012 Tr. 19.) He understood that the parties agreed to recommend to the Court that Davis should receive a sentence of 20 years of incarceration. (Jan. 13, 2012 Tr. 19–20.) When asked, Davis denied that anyone had made any other promises or had threatened him in an attempt to have him plead guilty. (Jan. 13, 2012 Tr. 23.) At the end of the Rule 11 proceedings, the Court determined that Davis was "aware of the consequences of the plea" and that his guilty plea was "knowing and voluntary." (Jan. 13, 2012 Tr. 33.)

Subsequently, on March 9, 2012, Davis filed a *pro se* Motion to Withdraw Guilty Plea (ECF No. 22), as well as a Motion to Appoint New Counsel (ECF No. 24). By Order entered on March 28, 2012, the Court directed counsel for Davis and the Government to submit briefs "explaining their respective positions on these motions . . . ." (ECF No. 26, at 1.) Gunlicks responded that he was "willing and able to continue representing [Davis]" (ECF No. 28, at 2), but that the Court should consider granting Davis's request for new counsel (*id.* at 3). Gunlicks also represented that given Davis's request for new counsel, "it might best further judicial

---

[8] The minute entry indicates that this recess lasted from 8:58 a.m. until 9:44 a.m. (ECF No. 18, at 1.)

fairness and efficiency . . . to appoint new counsel and hold an evidentiary hearing on [Davis's] allegations regarding the voluntariness of his plea." (ECF No. 29, at 8.)

The Court held a hearing on Davis's Motion to Appoint New Counsel on April 17, 2012. At that time, Gunlicks indicated that Davis primarily wished to withdraw his guilty plea based upon his belief that the Court had violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure by coercing Davis into pleading guilty on January 13, 2012. (Apr. 17, 2012 Tr. 5, ECF No. 56.) Davis also represented that he "wholeheartedly believe[d] Mr. Gunlicks' representation . . . ha[d] fallen below objective standards of reasonableness, without a doubt." (Apr. 17, 2012 Tr. 10.) Davis believed that Gunlicks had been "unreliable, unresponsive, [and] inattentive to his client's prompting, and did not respect deadlines of the court." (Apr. 17, 2012 Tr. 11.) The Court recognized that Davis had been "complaining about Mr. Gunlicks" from the beginning of his criminal proceedings. (*See* Apr. 17, 2012 Tr. 17–18.) The Court explained that "the level of communication between Mr. Davis and Mr. Gunlicks has reached the stage where they just can't - - they just can't have a meeting of the mind about anything." (Apr. 17, 2012 Tr. 23.) Accordingly, the Court relieved Gunlicks from his representation of Davis, and appointed David Lett in his place. (Apr. 17, 2012 Tr. 23–24.)

The parties appeared before the Court for a hearing on Davis's Motion to Withdraw Guilty Plea on May 23, 2012. During the hearing, Lett indicated that Davis wished to withdraw his guilty plea because Davis believed that Gunlicks had "not [been] representing him appropriately." (May 23, 2012 Tr. 4, ECF No. 57.)[9] Lett also proffered Davis's belief that "he probably would not have entered a plea except for the conversation or some statement made by [t]he Court at that particular time." (May 23, 2012 Tr. 4.) Lett explained that Davis felt that the

---

[9] While the transcript states that this hearing occurred on April 17, 2012, the minute entry clarifies that the hearing actually occurred on May 23, 2012. (ECF No. 37, at 1.)

Court's statements "encourag[eing] him to make a decision at that point" about whether he wanted to plead guilty "by itself... imposed some burdens on him." (May 23, 2012 Tr. 4–5.) After considering the factors set forth in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991)[10] (May 23, 2012 Tr. 7–12), the Court concluded that Davis had "made a knowing and voluntary plea of guilty" and refused to allow him to withdraw his guilty plea. (May 23, 2012 Tr. 12.)

On July 11, 2012, the Court entered judgment against Davis and sentenced him to a total of 240 months of imprisonment, as recommended in the Plea Agreement. (J. 2, ECF No. 48.) Specifically, the Court sentenced Davis to 240 months on Count Three and 120 months on Count Five, all to be served concurrently. (*Id.*) Davis appealed. (ECF No. 50.) On appeal, Davis "argue[d] that the district court judge erred in not recusing himself from hearing Davis's motion to withdraw his plea [and] that the district court impermissibly participated in the plea negotiations and therefore abused its discretion in denying Davis's motion." *United States v. Davis*, 529 F. App'x 375, 376 (4th Cir. 2013). The United States Court of Appeals for the Fourth Circuit affirmed Davis's convictions and sentence. *Id.* at 381. The United States Supreme Court subsequently denied Davis's petition for a writ of certiorari. *Davis v. United States*, 134 S. Ct. 548 (2013).

---

[10] *Moore* provides six factors the Court should consider when deciding whether a defendant should be permitted to withdraw his plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248 (citations omitted).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made

during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Davis's prior sworn statements as other than truthful.

### A. Claim One

In Claim One (a), Davis faults Gunlicks for failing to argue that the delay in promptly presenting Davis to the Court to answer to the charges violated Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure. (§ 2255 Mot. 6). Rule 5(a)(1)(A) provides that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." Fed. R. Crim. P. 5(a)(1)(A). The "duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (citing Fed. R. Crim. P. 5(a)). Here, the Court issued a writ of habeas corpus *ad prosequendum* on November 7, 2011, directing that the United States Marshal produce Davis for an initial appearance and arraignment on November 10, 2011. (ECF No. 7, at 1.) Davis was arrested on the federal charges on November 9, 2011. (ECF No. 80, at 1.) He appeared before the Court the next day. (ECF No. 8, at 1.) Accordingly, no violation of Rule 5(a)(1)(A) occurred. Any argument by counsel otherwise would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States*

*v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Because Davis has failed to demonstrate any deficiency of counsel or resulting prejudice, Claim One (a) will be DISMISSED.

In Claim One (b), Davis alleges that Gunlicks should have argued that Davis's right to prompt determination of probable cause under the Fourth Amendment was violated by the delay in presenting Davis to the Court. However, Davis "received a probable cause determination—in the form of a federal indictment—before he" appeared before the Court on November 10, 2011. *United States v. Abu Ali*, 528 F.3d 210, 226 n.4 (4th Cir. 2008). Because Davis was arrested after the return of the Indictment, he has no "prompt presentment" right under the Fourth Amendment. *See Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (limiting the right to prompt presentment to cases of warrantless arrest); *id.* at 117 n.19 (noting that "an indictment . . . conclusively determines the existence of probable cause"). Again, any argument otherwise by counsel would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See Moore*, 934 F. Supp. at 731. Because Davis fails to demonstrate any deficiency of counsel or resulting prejudice, Claim One (b) will be DISMISSED.

In Claim One (c), Davis contends that Gunlicks should have argued that the alleged delay in presenting Davis to the Court violated Davis's due process rights under the Fifth Amendment. Davis, however, fails to explain with specificity how counsel's failure to raise this argument prejudiced his defense in any way. Such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. For this reason alone, he is not entitled to relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Because Davis has failed to demonstrate any deficiency of counsel or resulting prejudice, Claim One (c) will be DISMISSED.

### B. Claim Two

In Claim Two, Davis alleges that Gunlicks failed "to raise Speedy Trial Clause violations of the Sixth Amendment." (§ 2255 Mot. 6.) Davis contends that his "Sixth Amendment right to a speedy trial attached . . . no earlier than November 12, 2010 and no later than November 15, 2010 following the issuing of an arrest warrant for the petitioner . . . ." (*Id.* at 11.)

The Sixth Amendment right to a speedy trial "does not attach until the defendant has been indicted or arrested." *Jones v. Angelone*, 94 F.3d 900, 906 n.6 (4th Cir. 1996) (citations omitted). If the right has been triggered, the Court then considers the following four factors: "(1) the length of the delay; (2) the reason for the delay;" (3) the defendant's diligence in asserting the speedy trial right; and, (4) any prejudice to the defendant resulting from the delay. *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). As discussed below, counsel reasonably eschewed making a speedy trial motion as none of these factors tip in Davis's favor.

With respect to the length of delay, "only an arrest or indictment on *federal* charges starts the speedy trial clock." *United States v. Harris*, 551 F. App'x 699, 704 (4th Cir. 2014). Davis's Sixth Amendment speedy trial right attached on March 23, 2011, when the grand jury returned the Indictment against him.[11] Davis was adjudged guilty of Counts Three and Five after he pled guilty on January 13, 2012. The delay that Davis complains of here was therefore around ten months, and that alone fails to trigger the other factors enumerated in *Barker*. *Thomas*, 305 F. App'x at 963–64 (citing *United States v. MacDonald*, 635 F.2d 1115, 1117 (4th Cir. 1980) (eleven-month-delay was "entirely too short to 'trigger' further inquiry under *Barker*")).

---

[11] Although the Government had filed a Criminal Complaint against Davis approximately five months before, Davis had not been arrested on the Criminal Complaint by the time he was indicted.

Even considering the other factors, the record does not establish a speedy trial violation. The delay was caused primarily by the fact that Davis was serving a sentence for Grand Larceny in Fairfax County and did not appear before this Court to answer to the charges contained in the Indictment until November 10, 2011. Furthermore, Davis failed to promptly complain about the delay. In fact, on November 29, 2011, Davis filed a *pro se* Motion to Appoint Counsel and Transfer, in which he requested that he be allowed "to waive right to speedy trial." (ECF No. 12, at 1.) Finally, Davis has not demonstrated any prejudice from the delay. Therefore, Davis fails to demonstrate any deficiency or resulting prejudice from Gunlicks' failure to raise a Sixth Amendment speedy trial challenge. Accordingly, Claim Two will be DISMISSED.[12]

## C. Claim Three

In Claim Three, Davis asserts that Gunlicks failed "to object to violations of Rule 11(c)(1) [of the Federal Rules of Civil Procedure]." (§ 2255 Mot. 6.) According to Davis, Gunlicks should have objected to the Court's "level of participation in the plea negotiations during the January 13, 2012 plea hearing." (*Id.* at 28.) Davis contends that "he was inappropriately influenced by the statements made [by the Court] during the January 13, 2012 plea hearing." (*Id.* at 29.) As discussed below, Davis's claim lacks merit.

---

[12] The Court acknowledges that the Fourth Circuit has recognized that the Sixth Amendment's speedy trial right was triggered by the filing of a criminal complaint. *Harris*, 551 F. App'x at 705; *see also United States v. Thomas*, 55 F.3d 144, 149 (4th Cir. 1995) (noting that "the combination of the criminal complaint, the arrest warrant, and the federal detainer were sufficient to implicate the speedy trial provision of the Sixth Amendment"). The Court notes that an arrest warrant was filed on November 12, 2010, in conjunction with the Criminal Complaint. (ECF No. 2.) The Court believes, however, that Davis was not arrested until November 9, 2011. (ECF No. 80, at 1.) If Davis's Sixth Amendment right did attach when the Criminal Complaint was filed on November 12, 2010, the fourteen-month delay between this date and January 13, 2012, when Davis pled guilty, exceeds the "one-year period that courts generally deem 'presumptively prejudicial.'" *Harris*, 551 F. App'x at 705 (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)). Even so, as discussed above, none of the other factors set forth in *Thomas* weigh in favor of concluding that a Sixth Amendment Speedy Trial violation occurred.

Rule 11(c)(1) of the Federal Rules of Criminal Procedure commands that "[t]he court must not participate in [plea agreement] discussions." Fed. R. Crim. P. 11(c)(1). This "prohibition on judicial involvement in plea negotiations guards against the high and unacceptable risk of coercing a defendant to enter into an involuntary guilty plea." *United States v. Bradley*, 455 F.3d 453, 460 (4th Cir. 2006) (internal quotation marks omitted) (citations omitted). To determine whether impermissible interference occurred, the Court must "look to 'judicial comments' and other indicia of involvement, such as whether the court influenced or 'initiated plea discussions.'" *United States v. Rillo*, 664 F. App'x 31, 314 (4th Cir. 2016) (quoting *Bradley*, 455 F.3d at 462). A violation of Rule 11(c)(1) is possible "even in cases where the district judge technically did not participate in discussions with a view toward a[] [plea] agreement." *United States v. Cannady*, 283 F.3d 641, 644 (4th Cir. 2002) (alterations in original) (citation omitted) (internal quotation marks omitted).[13]

At the beginning of the Rule 11 proceedings, counsel for the Government indicated that if Davis chose to forego the Plea Agreement and proceed to trial, he would be facing a mandatory minimum of 50 years of incarceration for just the two violations of 18 U.S.C. § 924(c) charged in Counts Two and Four. (Jan. 13, 2012 Tr. 6–7.) The Court subsequently addressed Davis, stating:

> If you are found guilty of both of [the § 924(c)] offenses, you are going to go to jail, at a minimum, for 50 years. And that is - - they are offering you a way to get out of that through whatever sort of a plea bargain they offered you. It

---

[13] In *Cannady*, the Fourth Circuit concluded that the district judge in question had not technically violated Rule 11 because at the time his comments were made during Rule 11 proceedings, "the parties had reached a definite agreement that had been reduced to writing and executed by Cannady . . . all without any direct involvement by the district judge." 283 F.3d at 644. However, the panel went on to consider whether the district judge's comments during the Rule 11 proceedings coerced Cannady into pleading guilty. *Id.* at 645. The Court concluded that no violation of Rule 11 had occurred because "these comments occurred during the district judge's attempts to ensure that Cannady was knowingly and voluntarily entering into the agreement, which the judge, of course, was required to do." *Id.* at 645–46 (citations omitted).

looks like they have a lot of witnesses. But, you know, you and Mr. Gunlicks need to make that choice. But - - I probably have a reputation as a light sentence - - but I will tell you, there is nothing I can do about those, about that 50-year sentence. I cannot give you anything less than that if you are convicted of both those offenses.

(Jan. 13, 2012 Tr. 8–9.) Later on, the Court said to Davis:

[N]ow is the time for you to make a decision whether you want to take the 20 year sentence or face the possibility of 50 years on the gun charges alone, plus more time, if any, on the robbery charge.
    Mr. Davis, this is a critically important decision in your life. I urge you to think carefully before you turn down that offer.
    You know, you know more, you and Mr. Gunlicks know more about this case than I do. And maybe they really don't have good witnesses. But I sort of doubt that. So, you know, you have got some exposure here. What you do about that exposure is entirely up to you.

(Jan. 13, 2012 Tr. 10.) The Court suggested that with a 50-year sentence, Davis, who was 35 years old at the time, "would die in jail probably." (Jan. 13, 2012 Tr. 12.) When counsel for the Government represented that the plea offer would no longer be available if Davis chose to reject it, the Court characterized the plea offer as "a blue plate special." (Jan. 13, 2012 Tr. 13.) The Court also suggested that Davis "[was] not in a good spot." (Jan. 13, 2012 Tr. 13.) The Court subsequently recessed from 8:58 a.m. until 9:44 a.m. to allow Davis to further discuss his options with Gunlicks. (ECF No. 18, at 1.) After the recess, Gunlicks indicated that Davis would accept the Plea Agreement. (Jan. 13, 2012 Tr. 14.)

Davis has not demonstrated that Gunlicks acted deficiently by failing to object to the Court's comments as a violation of Rule 11(c)(1) at the time they were made. During the Rule 11 proceedings, Davis indicated that no one had threatened or coerced him to plead guilty. (Jan. 13, 2012 Tr. 23.) When asked, Davis affirmed that he was "pleading guilty of [his] own free will because [he was] guilty." (Jan. 13, 2012 Tr. 23.) Davis's statements to the contrary are "palpably incredible" in light of his sworn statements during the Rule 11 proceedings. *Lemaster*,
14

403 F.3d at 222 (citation omitted). Given Davis's responses to the Rule 11 colloquy, Gunlicks reasonably believed that Davis's guilty plea was freely and voluntarily made.

Davis also cannot demonstrate prejudice from Gunlicks' failure to raise a contemporaneous objection to the Court's comments. Davis not only raised his Rule 11(c)(1) claim in his *pro se* Motion to Withdraw Guilty Plea, but also raised it on direct appeal. The Fourth Circuit concluded that this Court's comments did not "constitute[] participation in the plea negotiations." *United States v. Davis*, 529 F. App'x 375, 379 n.3 (4th Cir. 2013). Instead, the Court was "overly cautious in [its] efforts to ensure Davis made a fully informed decision [and] those efforts did not amount to coercion." *Id.* at 379. Thus, any objection by Gunlicks to the contrary would have been meritless. *See Moore*, 934 F. Supp. at 731. Because Davis fails to demonstrate deficiency of counsel and resulting prejudice, Claim Three will be DISMISSED.

**D.    Claim Four**

In Claim Four, Davis contends that Gunlicks failed to sufficiently review the Plea Agreement with him prior to the entry of Davis's guilty plea. (§ 2255 Mot. 22.) This claim is clearly belied by the record. The Court provided Davis and Gunlicks ample time during the Rule 11 proceedings to discuss the Plea Agreement and its ramifications. (Jan. 13, 2012 Tr. 10–13.) When asked by the Court, Davis confirmed that he had read the Plea Agreement and reviewed it with Gunlicks. (Jan. 13, 2012 Tr. 20.) He confirmed that Gunlicks had "explained to [him] what the agreement mean[t]." (Jan. 13, 2012 Tr. 20.) Near the end of the proceedings, Davis indicated that he did not need any additional time to talk to Gunlicks before entering his plea. (Jan. 13, 2012 Tr. 32.) It is clear that Gunlicks sufficiently reviewed the Plea Agreement with Davis prior to Davis's entry of his guilty plea. Again, Davis's statements here are "palpably incredible" in light of his sworn statements during the Rule 11 proceedings. *Lemaster*, 403 F.3d

at 222 (citation omitted). Because Davis has failed to demonstrate deficient performance and resulting prejudice, Claim Four will be DISMISSED.

### E. Claim Five

In Claim Five, Davis contends that Gunlicks failed to contact him promptly after the arraignment regarding pretrial motions. (§ 2255 Mot. 24.) Davis fails to explain with specificity how this alleged failure prejudiced his defense in any way. Such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. For this reason alone, he is not entitled to relief. *See Sanders*, 373 U.S. at 19. Moreover, the Court notes that even if Gunlicks did not contact Davis immediately after the arraingment, Gunlicks filed a Motion to Suppress, which was granted, and also received a ten-day extension from the Court to file additional motions. Because Davis has failed to demonstrate deficient performance and resulting prejudice, Claim Five will be DISMISSED.

### F. Claim Six

In Claim Six, Davis faults Gunlicks for "fail[ing] to file any motions in preparation for trial, nor did counsel investigate or attempt to discover exculpatory evidence supported by the record at the urgent prompting of the petitioner." (§ 2255 Mot. 24–25.) Davis's claim regarding counsel's alleged failure to file motions is belied by the record. As noted above, Gunlicks filed a successful Motion to Suppress any statements that Davis made to law enforcement on or about July 30, 2010. With respect to exculpatory evidence, the exhibits Davis has included with his § 2255 motion allude to an African-American female who entered the Subway restaurant three times without purchasing anything. On the third occasion, the female entered the restroom, where she stayed until immediately after Davis had committed the robbery. (§ 2255 Mot. Ex. A, at 1, ECF No. 71–1; *id.* Ex. B, at 1, ECF No. 71–2.) Davis fails to proffer, however, what

exculpatory evidence this female could have provided to bolster his defense, and thus demonstrates no deficiency of counsel or resulting prejudice. *See Sanders*, 373 U.S. at 19; *United States v. Terry*, 366 F.2d 312, 316 (4th Cir. 2004) (requiring habeas petitioner to proffer "concrete evidence" of exculpatory nature to support ineffective assistance claim). Accordingly, Claim Six will be DISMISSED.

### G. Claim Seven

In Claim Seven, Davis contends that Gunlicks was ineffective for failing to file a motion to suppress eyewitness identification as well as a motion challenging the application of the Hobbs Act to Davis's case. (§ 2255 Mot. 25.) Davis fails to describe, however, the bases upon which Gunlicks should have filed these motions, or why such motions would have had a reasonable probability of success. Again, such a conclusory allegation without any factual support fails to establish any deficiency of counsel or resulting prejudice. *See Sanders*, 373 U.S. at 19. Therefore, Claim Seven will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Davis's § 2255 Motion (ECF No. 71) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/11/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge